UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: Scott E. Sidor and Kimberly D. Sidor, Debtors. | Case No. 04 B 47332<br><br>Chapter 7 |
|---|---|
| Roy Safanda, Trustee in Bankruptcy, Plaintiff,<br>v.<br>Edens Bank, Defendant. | Adversary No. 05 A 00874<br><br>Judge Manuel Barbosa |

## MEMORANDUM OPINION GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on the Motion for Summary Judgement brought by Roy Safanda, the chapter 7 trustee. The trustee is represented by Carl Safanda of Safanda Law Firm. Edens Bank is represented by Kevin Kelleher of Martin & Karcazes, ltd. For the reasons set forth herein, the Motion for Summary Judgment is granted.

### JURISDICTION

The Court has jurisdiction to decide this matter. 28 U.S.C. § 1334(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(E) and (H).

### NATURE OF CASE

Roy Safanda, the chapter 7 trustee (the "Trustee"), filed a one count complaint to avoid a fraudulent transfer and for turnover against Edens Bank (the "Bank"). The docket indicates that proof of service of summons was executed on March 2, 2005. (Docket #4.) The Trustee filed a motion for default on March 29, 2005. On that date, the Bank's counsel appeared and was granted leave to file an answer and appearance by April 21, 2005. (Docket #10.) Neither document was timely filed. The Bank filed its

answer on April 22, 2005, and the appearance was filed on April 27, 2005. Despite the deficiency, the Trustee withdrew his Motion for default. Within the Bank's answer are affirmative defenses. The Trustee filed an answer to the affirmative defenses on May 5, 2005.

After three status hearings were held, the Trustee filed this Motion for Summary Judgment. An order was entered on September 15, 2005, which required the Bank to file a response to the Motion for Summary Judgment by October 6, 2005, the Trustee to file a reply by October 20, 2005, and set this matter for oral argument on November 10, 2005. At that hearing, Mr. Kelleher stated that the Bank did not file a response to the Motion for Summary Judgment because there are two questions of fact and because he could not find any case law that addressed the failure to record a mortgage.

## APPLICABLE STANDARDS

Local Bankruptcy Rule 7056-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, which deals with summary judgment motions, was modeled after LR56.1 of the Local Rules of the United States District Court for the Northern District of Illinois. Hence, the case law construing LR56.1 and its predecessor Local Rule 12 applies to Local Bankruptcy Rule 7056-1. Pursuant to Local Bankruptcy Rule 7056-1, a motion for summary judgment imposes special procedural burdens on the parties. Specifically, the Rule requires the moving party to supplement its motion and supporting memorandum with a statement of undisputed material facts ("7056-1 statement"). The 7056-1 statement "shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the

2

facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion." Local Bankr.R. 7056-1B.

The party opposing a summary judgment motion is required by Local Rule 7056-2 to respond ("7056-2 statement") to the movant's 7056-1 statement, paragraph by paragraph, and to set forth any material facts that would require denial of summary judgment, specifically referring to the record for support of each denial of fact. Local Bankr.R. 7056-2. The opposing party is required to respond "to each numbered paragraph in the moving party's statement" and to make "specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Bankr.R. 7056-2A(2)(a). Most importantly, "[a]ll material facts set forth in the [7056-1] statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Local Bankr.R. 7056-2B.

The Seventh Circuit has upheld strict application of local rules regarding motions for summary judgment. *See Dade v. Sherwin-Williams Co.*, 128 F.3d 1135, 1140 (7th Cir.1997); *Feliberty v. Kemper Corp.*, 98 F.3d 274, 277-78 (7th Cir.1996); *Bourne Co. v. Hunter Country Club, Inc.*, 990 F.2d 934, 938 (7th Cir.), *cert. denied*, 510 U.S. 916, 114 S.Ct. 308, 126 L.Ed.2d 256 (1993); *Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 519 (7th Cir.1992); *Maksym v. Loesch*, 937 F.2d 1237, 1240-41 (7th Cir.1991). Compliance with Local Bankruptcy Rule 7056 is not a mere technicality. Courts rely greatly upon the information presented in these statements in separating the facts about which there is a genuine dispute from those about which there is none. *American Ins. Co. v. Meyer Steel Drum, Inc.*, 1990 WL 92882 at *7 (N.D.Ill. June 27, 1990). The statements

3

required by Local Bankruptcy Rule 7056 are not merely superfluous abstracts of evidence. Rather, they "are intended to alert the court to precisely what factual questions are in dispute and point the court to specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information on its own." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir.1994).

## UNCONTESTED FACTS

The Bank has not complied with the Local Bankruptcy Rule 7056-2B, which unequivocally states: "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Therefore, the facts in the Trustee's 7056-1 statement are deemed admitted.

1. In 2004, Scott E. Sidor, the debtor ("Debtor") was an owner of an interest in Institutional Financial Services, Inc. ("IFS, Inc.").
2. In 2004 Debtor was an officer and director of IFS, Inc.
3. On July 15, 2004, IFS, Inc. borrowed $125,000 from the Bank.
4. On July 15, 2004, Debtor executed a Commercial Guaranty of the $125,000 obligation to IFS, Inc. to the Bank (the "Commercial Guaranty").
5. The Debtor's Commercial Guaranty of July 15, 2004 was a continuing guarantee, unlimited as to the amount.
6. On July 15, 2004, Debtor executed a mortgage on his St. Charles residence,

4

5N536 Foxmoor Drive, St. Charles, Illinois, as security for the indebtedness of IFS, Inc. to the Bank.

7. Debtor's mortgage to the Bank was not recorded.

8. On September 10, 2004, the St. Charles residence of Debtor was sold.

9. Proceeds from the sale in the amount of $45,000 were paid to the Bank.

10. The Bank received the $45,000 from the sale proceeds of Debtor's residence.

11. The payment of $45,000 to the Bank was made within one year of Debtor's Chapter 7 petition date.

12. Debtor testified that on September 10, 2004, he was insolvent.

13. Debtor testified that on September 10, 2004, he did not have sufficient assets to pay his indebtedness.

14. After September 10, 2004, Debtor remained liable to the Bank on the Commercial Guaranty.

15. The Bank released its mortgage on Debtor's St. Charles residence conditioned upon the receipt of the $45,000 payment.

16. As of September 10, 2004, Debtor's liabilities exceeded his assets.

17. The Bank is an initial transferee of the September 10, 2004, payment of $45,000 from the sale proceeds of Debtor's St. Charles residence.

## DISCUSSION

Section 548 provides, in relevant part:

The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily--
received less than a reasonably equivalent value in exchange for such

5

transfer or obligation; and
was insolvent on the date that such transfer was made or such obligation
was incurred, or became insolvent as a result of such transfer or
obligation.
11 U.S.C. § 548 (a)(1)(B).

This Court must first determine whether the transfer of the $45,000 of sale proceeds to the Bank constitutes a fraudulent transfer and, if so, whether the proceeds must be turned over to the Trustee pursuant to § 550.

The uncontested facts establish that Debtor testified he was insolvent and did not have sufficient assets to pay his indebtedness on the date of the sale of the St. Charles residence. While this uncontested fact, in itself, does not establish insolvency, the Trustee attached the transcript of the Debtor's 2004 examination to the 7056-1 statement. The Debtor testified that he was insolvent and had insufficient assets to pay his indebtedness. (Ex. 14 p. 30.) In addition, the uncontested facts expressly establish that the transfer was made within one year of the date Debtor filed the chapter 7 petition. The only remaining element is whether Debtor received less than reasonably equivalent value in exchange for the transfer.

Whether Debtor received reasonably equivalent value is not explicitly established, but, instead, must be deduced from multiple statements of uncontested fact. "'Value' means property, or satisfaction or securing of a present or antecedent debt of the debtor . . . ." 11 U.S.C. § 548(d)(2)(A). The Seventh Circuit has determined that the "test used to determine reasonably equivalent value in the context of a fraudulent conveyance requires the court to determine the value of what was transferred and to compare it to what was received. *Barber v. Golden Seed Co., Inc.* 129 F.3d 382, 387 (7th Cir. 1997) (citing *Matter of Vitreous Steel Products Co.*, 911

6

F.2d 1223, 1234-35 (7th Cir.1990)). Further, "the formula for determining reasonably equivalent value is not a fixed mathematical formula; rather, the standard for "[r]easonable equivalence should depend on all the facts of each case," an important element of which is fair market value. Another important factor in assessing reasonably equivalent value is whether the sale was "an arm's length transaction between a willing buyer and a willing seller." *Id. (citing In re Bundles*, 856 F.2d 815, 824 (7th Cir. 1988)).

The $45,000 constituted partial satisfaction of a $125,000 debt of IFS, Inc. for which Debtor executed the Commercial Guaranty and also executed a mortgage on the St. Charles residence securing the same. However, the mortgage was never recorded, although a release was given upon the receipt of the $45,000. The Debtor remained liable on the Commercial Guaranty even after the transfer. Specifically, the guarantee was unlimited and included debt incurred both prior to and after the Commercial Guarantee, including "advances," "renewals" and "modifications." Thus, the payment of the $45,000 did not reduce Debtor's obligation under the terms of the Commercial Guarantee so as to provide equivalent value. Therefore, this Court finds that Debtor received less than reasonably equivalent value in exchange for the transfer. Therefore, the $45,000 transfer to the Bank constitutes a fraudulent conveyance.

The $45,000 transfer can be recovered by the Trustee pursuant to § 550. Section 550 provides that the Trustee may recover property for which the transfer is avoided pursuant to § 548 from the initial transferee of the transfer. 11 U.S.C. § 550(a)(1). The uncontested facts establish that the Bank was the initial transferee of the $45,000 payment from the proceeds of the sale of Debtor's St. Charles residence. Therefore, the Trustee may recover the $45,000 from the Bank.

7

## CONCLUSION

The $45,000 portion of the sale proceeds was transferred to the Bank while Debtor was insolvent, was made within one year of the filing of the Chapter 7 petition and Debtor received less than a reasonably equivalent value in exchange for the transfer. Therefore, the transfer is avoided pursuant to § 548. Further, because the Bank was also the initial transferee, the $45,000 may be recovered by the Trustee for the benefit of the estate.

The foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate judgment will be entered giving effect to the determinations reached herein.

Signed: December 15, 2005

MANUEL BARBOSA
United States Bankruptcy Judge